PER CURIAM.
Pan Am is a member of the Air Transport Association of America, one of whose functions is to appoint travel agents for its member carriers and to provide these travel agents with printed forms for flight tickets and other documents connected with air travel and related services. In this regard, travel agents are given miscellaneous charge orders (MCO’s) which may be issued by them for services other than air transportation and are drawn on a member airline by embossing the carrier’s and travel agent’s validating plates.
Eight MCO’s bearing the proper validating plates were issued by defunct travel agents and delivered to Roadway International. That company deposited them in its account at Continental Bank. The bank initiated the collection process against Pan Am. Proceeds in excess of $82,000 were paid by Pan Am to the account of Roadway even though the airline had previously been notified of the cancellation of the agencies. The instant suit by Pan Am against Roadway and Continental Bank seeks the return of those sums. As to Continental, Pan Am asserted a breach of warranty under sections 674.207(1) and (2), Florida Statutes (1981), and fraudulent misrepresentation as to the warranties. Pan Am appeals from a summary judgment in favor of Continental Bank. We affirm.
The warranty of good title found in section 674.207(1) is limited to a finding *1074 that the item was presented for payment with no forged endorsements, § 674.207, Fla.Stat. (1981); Sun ’N Sand, Inc. v. United California Bank, 21 Cal.3d 671, 582 P.2d 920, 930, 148 Cal.Rptr. 329, 339 (1978); Union Bank of Benton, Arkansas v. First National Bank in Mt. Pleasant, Texas, 621 F.2d 790 (5th Cir.1980); and, contrary to Pan Am’s contention, does not extend to impose liability on a bank where the item is issued by an unauthorized agent. Since, in the present ease, Pan Am does not maintain that anyone has forged the endorsement of the payee, Roadway,[1] and it is admitted that the named payee did receive the proceeds of Pan Am’s payment on the item, we agree with the trial court that the appellant’s claim must fail as a matter of law.
Finding no merit in the other points on appeal, we affirm the summary judgment in favor of Continental Bank.

. In fact, there is no endorsement by Roadway.